Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com
Attorneys for Plaintiff GEORGE AVALOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AVALOS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br><br>MARTHA FRANCO DE PIZANO, an individual; BALJIT SINGH, an individual; MOHINDER KAUR, an individual; and DOES 1-10, inclusive,<br><br><br>        Defendants. | Case  No. 1:20-cv-01571-DAD-SAB<br><br>**UNILATERAL SCHEDULING REPORT**<br><br><br>**Date:  January 28, 2021**<br>**Time:  11:00 a.m.**<br>**Courtroom:  9**<br><br><br>**Hon. Stanley A. Boone** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Mandatory Scheduling Conference dated December 14, 2020, Plaintiff George Avalos hereby respectfully submits the instant Unilateral Report. Counsel for Plaintiff met and conferred with Counsel for Defendants Baljit Singh and Mohinder Kaur, but Counsel for Plaintiff has not yet received Defendants' contributions to the report. Counsel for Plaintiff expects to have contributions from Defendants soon and now only files the instant Unilateral Report in an abundance of caution for the Court's scheduling order. Counsel for Plaintiff will amend this report

1

as soon as contributions from Defendants are received.

Defendant Martha Franco De Pizano, who has appeared *pro per*, will be dismissed from the case.

1.        **Factual and Legal Contentions**

Plaintiff:

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and sitting. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendant's property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities even though he would be classified as a "bona fide patron."

Defendants own, and continues to own, the property located at 342 W. Hermosa St., Lindsay, CA 93247 (hereinafter "Property") where the subject business Primos Tacos (the "Business") is located.  It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.  The Business is a facility open to the public, a place of public accommodation, and a business establishment.

Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Property: a built up curb ramp that projects from the sidewalk and into the access aisle (ADAAG Section 406.5) and is in excess of the maximum grade allowed by ADAAG specifications (Section

406.1), and an accessible parking space that does not contain compliant accessible parking signage (Section 502.6).

Plaintiff alleges Defendant violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property on or about October 17, 2020 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

2. **Amendments**

Plaintiff:

Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

3. **Summary of Uncontested and Contested Facts**

Uncontested Facts

a.  Defendants Baljit Singh and Mohinder Kaur own the Subject Property located at 342 W. Hermosa St., Lindsay, CA 93247.

b.  The Court has jurisdiction over the claims in the Complaint.

c.  The Court has supplemental jurisdiction over Plaintiff's state claims.

d.  The venue is proper.

Anticipated Contested Facts

a.  Whether barriers to access as defined by applicable state and federal laws exist at the Subject Property.

b. Whether Plaintiff was denied full and equal access to Defendants' goods and services due to access barriers on the Subject Property.

c. Whether Defendants discriminated against Plaintiff on the basis of his alleged disability.

**4. <u>Summary of Legal Issues</u>**

**Undisputed Legal Issues**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**Anticipated Disputed Legal Issues**

The principal legal issues are: (1) whether Defendants are responsible under the law to remove the alleged barriers on the subject property; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the subject business; and (4) the nature and extent of Plaintiff's damages, if any.

**5. <u>Status of Pending Matters</u>**

No pending matters.

**6. <u>Discovery Plan</u>**

| a. | Date for Exchange of Initial Disclosures | 2/11/2021 |
|---|---|---|

UNILATERAL REPORT OF COUNSEL

| b. | Cut-Off Date for Non-Expert Discovery | 12/27/2021 |
|---|---|---|
| c. | Disclosure of Expert Witness | 12/6/2021 |
| d. | Cut-Off Date for Expert Witness Discovery | 1/31/2022 |
| e. | Any Proposed Changes in the Limits On Discovery | None |
| f. | Whether the parties anticipate the need for a Protective Order | Not at this time |
| g. | Any issues or proposals relating to the timing, sequencing, phasing, or scheduling of discovery | None |
| h. | Discovery outside the United States | No |
| i. | Parties anticipate video and/or sound recording of depositions | Yes |
| | | |

**Electronic Media Discovery**

Although the Plaintiff does not anticipate any issues with respect to electronic discovery, the Plaintiff is amenable as follows:

Any electronically stored information may be produced in tangible form in an organized manner on CDs or DVDs in readable format for standard programs for Windows-based operating systems (e.g., Microsoft Windows, Adobe Acrobat, etc.) in its native format. In addition, at the election of a party, with the consent of the other party, not to be unreasonably withheld, and considering the volume of information to be exchanged, the producing party may elect to produce such information by printing the files as documents and Bates numbering the documents.

In any event, the Parties will produce information in a manner such that it may be easily retrieved and identified by the receiving party and the Court.

The Parties will cooperate regarding steps taken to preserve relevant evidence to the issues of this action, including steps related to the scope of e-mail discovery, the restoration of deleted information, and the preservation of computer based information. The Parties will likewise preserve all other relevant evidence related to the claims asserted in Plaintiff's complaint.

**7. <u>Other Dates and Deadlines</u>**

Plaintiff:

a) Filing non−dispositive and dispositive pre−trial motions –January 10, 2022

b) Pre−Trial Conference date – March 28, 2022

c) Trial Date – April 12, 2022

**8. <u>Settlement</u>**

Plaintiff believes that a court-convened settlement conference would be productive. Plaintiff will stipulate to referral of this action to the Voluntary Dispute Resolution Program (VDRP) pursuant to Local Rule 271.

**9. <u>Jury or Court Trial</u>**

<u>Plaintiff</u>: requests a court trial.

**10.<u>Trial Time Estimate</u>**

<u>Plaintiff</u>:  anticipates a 3 day trial.

**11.<u>Magistrate Judge Jurisdiction</u>**

<u>Plaintiff</u>: consents to have a magistrate judge preside over this case.

**12.<u>Bifurcation</u>**

<u>Plaintiff</u>: has no proposals concerning severance, bifurcation or phasing of trial.

//

//

//

UNILATERAL REPORT OF COUNSEL

**13. <u>Related Matters</u>**

<u>Plaintiff:</u>  Plaintiff is unaware of any related matters.


Dated: January 22, 2021                    **MANNING LAW, APC**


                                           By: <u>/s/ *Joseph R. Manning, Jr.*</u>
                                           Joseph R. Manning Jr., Esq.
                                           Attorneys for Plaintiff

UNILATERAL REPORT OF COUNSEL